## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RINNE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 22-cv-5808 <br><br> **Judge Mary M. Rowland** <br><br> **Magistrate Judge Jeffrey Cole** |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD DEFENDANTS

Plaintiff Rinne Corp. ("Plaintiff") submits this Memorandum in support of its Motion Substitute Defendants in the above-captioned action.

This Court granted Plaintiff's first Motion for Entry of Preliminary Injunction (ECF 32) on November 28, 2022. The Preliminary Injunction (ECF 37) (the "Order") specifically omitted Joybuy Defendants (Doe Nos. 713, 714, 732, and 753) (the "Original Joybuy Defendants") pursuant to Plaintiff's motion. The Original Joybuy Defendants were omitted from Plaintiff's Motion for Preliminary Injunction for the reasons outlined in Plaintiff's Motion for Leave to Terminate Certain Defendants and Add Proper Defendants (ECF 80) (the "Frist Motion to Substitute"), namely, that, at the time the Amended Complaint was filed, Plaintiff had named the Original Joybuy Defendants believing them to be the proper defendants. Plaintiff only later found out (through the discovery provided by Joybuy) that Joybuy itself (owner and operator of the stores listed as Doe Nos. 713, 714, 732, and 753) was not the proper defendant, but that the proper defendants were actually the individuals and/or entities (the "True Joybuy Defendants") identified by Joybuy after Joybuy's receipt of the TRO (ECF 28). A breakdown of the correlation between

each of the 157 rows (1 for each product listing) of the four Original Joybuy Defendants and the 157 rows for the seventy True Joybuy Defendants is attached as Exhibit 1. While the Court denied Plaintiff's First Motion to Substitute at the February 14 hearing, Plaintiff was given leave to file this supplemental motion (the "Second Motion to Substitute"), provided it address the Court's concerns regarding Fed. R. Civ. P. 20.

## ARGUMENT

Plaintiff should be allowed to substitute the True Joybuy Defendants in place of the Original Joybuy Defendants in the case because joinder of the True Joybuy Defendants does not violate Rule 20.

### I. JOINDER IS PROPER UNDER RULE 20

### A. PLAINTIFF'S EVIDENCE MEETS THE STANDARDS OF RULE 20.

Joinder of defendants is proper when plaintiffs seek relief "jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence or series of transactions or occurrences;" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Joinder is consistent with the strongly encouraged policy of "entertaining the broadest possible scope of action consistent with fairness to the parties." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715. 724 (1966).

In a 2020 decision on joinder in a similar online counterfeiting case, this Court found joinder was appropriate, stating:

> According to the Merriam-Webster dictionary, "transaction" generally involves a "reciprocal[] affect" or "exchange," whereas an "occurrence" is defined as something that simply "happens" or "appears." Unlike a "transaction," an "occurrence" is not necessarily the product of joint or coordinated action … Individuals on the internet can openly reach billions of people with a single click of a mouse, while at the same time hiding their identities, frustrating law enforcement. As a result, an "occurrence" of mass harm easily can be inflicted even if there is no express "transactional" coordination among the attackers. Rule 20's inclusion of the term "occurrence" should allow plaintiffs to join in a

single case the defendants who participate in such unlawful occurrences, despite the lack of a "transactional link." The kind of harmful occurrences the internet enables — including mass foreign counterfeiting — were inconceivable when Rule 20 was drafted. But the Rule's inclusion of the term "occurrence" suggests that joinder is appropriate in cases alleging harm that is not strictly "transactional."

*Bose Corp. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020).

In March 2021, Judge Kennelly considered a similar challenge to joinder of defendants. Judge Kennelly issued a show cause order directing the Plaintiff to produce evidence supporting the allegations that joinder under Rule 20 was appropriate in the Complaint, and ultimately found that the evidence was sufficient. *See Oakley v. The Partnerships and Unincorporated Associations Identified in Schedule "A"*, Civil Case No. 21-cv-536 (N.D. Ill., March 6, 2021) (Kennelly, J) (patent case), at 2-3 (ECF No. 14). A month later, Judge Valderrama found joinder proper issuing a Temporary Restraining Order in an online counterfeiting case against 260 defendants after considering decisions to the contrary cited by defendants. *Wham-O Holding, Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 21-cv-1641 (N.D. Ill. Apr. 12, 2021) (Valderrama, J.) at 2 (ECF No. 16). Thus, Plaintiff meets the standard for joinder under Rule 20.

### B. JOINDER IS APPROPRIATE BASED UPON PLAINTIFF'S UNREBUTTED EVIDENCE.

Plaintiff has alleged the following facts (which are just as applicable to the True Joybuy Defendants as they were for the Original Joybuy Defendants): (1) the True Joybuy Defendants are all using the same or similar marketing strategies, during the same time, on the online platforms (ECF 5 at ¶ 23); (2) the True Joybuy Defendants are using the same or similar tactics to avoid enforcement efforts (ECF 5 at ¶¶ 24-27); (3) the True Joybuy Defendants online "stores" often share unique identifiers efforts (ECF 5 at ¶¶ 4, 18); (4) the True Joybuy Defendants are selling a

product aimed at directly competing with Plaintiff's product (nearly all of the counterfeit/infringing products look identical to each other and to Plaintiff's actual product), indicating that Defendants obtained them from common sources (ECF 5 at ¶¶ 4, 18). Plaintiff is also seeking the same relief against all of the True Joybuy Defendants. (ECF 5).

Evidence of infringement for each of the True Joybuy Defendants (originally contained within ECF 14-16 as Exhibit 4A-JJJ to the Declaration of Nicolas Rinne in Support of the Motion for Temporary Restraining Order (ECF 13)) is attached as Exhibit 2A-2D. Exhibit 2A-2D is clearly marked with the name of the corresponding True Joybuy Defendant. Furthermore, visualizations of some of commonalities among the True Joybuy Defendant stores (e.g., the common infringing images/text used, common use of Plaintiff's trademark, and other similarities) is attached as Exhibit 3. For example: (1) 100% of the True Joybuy Defendants are based in China; (1) 100% of the True Joybuy Defendants are using Plaintiff's trademark, (3) 63% of the True Joybuy Defendants are using the term "Bucket Lid Rat/Mouse Trap"; (4) 66% of the True Joybuy Defendants are using at least one of Plaintiff's copyrighted images; and (5) 40% of the True Joybuy Defendants are using Plaintiff's copyrighted product description text.[1]

All of these facts taken as a whole meet Rule 20's requirements of "series of transactions and occurrences". *See Bose Corp.*, 334 F.R.D. at 516 (finding Rule 20's inclusion of the term "occurrence" should allow plaintiffs to join in a single case the defendants who participate in such unlawful occurrences, despite the lack of a "transactional link.").

---

[1] Plaintiff also notes, of the other none-Joybuy Defendants in this matter, there were at least 43 "groups" representing that there was common ownership of multiple Defendant stores. Each group ranged between 2 and 29 stores. Many of those groups expressed that they were in contact with at least one other Defendant regarding the products, this lawsuit, or the settlement terms they were each receiving. All of which, if true of t the True Joybuy Defendants (and there is no evidence to support it would not be true of the True Joybuy Defendants) supports the conclusion that Joinder is proper.

### C. WELL-PLEADED ALLEGATIONS SATISFY RULE 20(a)(2)(B).

Plaintiff's well-pleaded allegations also satisfy Fed. R. Civ. P. 20(a)(2)(B), which provides that joinder is proper if "any question of law or fact common to all defendants will arise in the action." In this case, the True Joybuy Defendants, without any authorization or license from Plaintiff, have knowingly and willfully infringed Plaintiff's FLIP N SLIDE trademark and copyright protected materials by the advertisement, distribution, offering for sale, and sale of the counterfeit/infringing products into the United States and Illinois over the Internet. ECF 5 at ¶¶ 5, 17. In addition, the methods Plaintiff will use to investigate, uncover, and collect evidence about any infringing activity will be the same or similar for each of the True Joybuy Defendants.

While each of True Joybuy Defendants may later present different factual evidence to support individual legal defenses, *prospective factual distinctions do not defeat* the commonality in facts and legal claims that *support joinder* under Fed. R. Civ. P. 20(a)(2)(B) *at this stage* in the litigation. *See First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 251–52 (N.D.Ill. 2011).

### D. JOINDER IS CONSISTENT WITH FAIRNESS, CONVENIENCE, AND JUDICIAL ECONOMY.

The resources of the Court, other judges in this District, and other Districts will be substantially taxed if Plaintiff's claims against the True Joybuy Defendants are severed into multiple separate lawsuits. "Requiring the filing of separate complaints could flood the courts with thousands of additional single defendant Lanham Act cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the Lanham Act." *Bose Corp.*, 334 F.R.D. at 517, n.6.

## II.    CONCLUSION

Therefore, for the reasons stated above, Plaintiff respectfully requests that the Court grant its Motion and allow Plaintiff substitute the True Joybuy Defendants in place of the Original Joybuy Defendants.

Date:  March 6, 2023                                                   Respectfully submitted,

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. LaSalle, Suite 60654
Chicago, Illinois 60654
(312) 527-4100
brandon@saperlaw.com
ds@saperlaw.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, I electronically filed the foregoing with the Court using the CM/ECF system, and I will serve Defendants with this Motion and Memorandum through email and electronic publication.

*/s/ Brandon Beymer*
Brandon Beymer